Bruce J. Wecker (SBN 78530)
Christopher L. Lebsock (SBN 184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel:  (415) 633-1908
Fax: (415) 358-4980

*Attorneys for Plaintiff
CAP Co. Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAP Co. Ltd., a Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation;<br><br>Defendant. | Case No.: C 14-03052 JD<br><br>**AMENDED COMPLAINT<br>FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## **AMENDED COMPLAINT**

Plaintiff CAP Co., Ltd. ("Plaintiff" or "CAP Co.") files this Amended Complaint for patent infringement against Microsoft Corporation ("Microsoft" or "Defendant") alleging as follows:

### **THE PARTIES**

1. Plaintiff CAP Co. is a corporation organized under the laws of the Republic of Korea. It has its principal place of business at 22, Gomae-ro 234beon-gil, Giheung-gu, Yongin-si, Gyeonggi-do, Korea. It is the owner of United States Patent Nos. RE44249, RE42196 and 8,544,078 ("Patents-in-Suit").

2. Defendant Microsoft, on information and belief, is a corporation organized under the laws of the State of Washington. Microsoft is doing business in California, and has its principal place of business in Redmond, Washington.

**JURISDICTION & VENUE**

3. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, Defendant transacts or has transacted business in this judicial district, or committed and/or induced acts of patent infringement in this district.

**INTRADISTRICT ASSIGNMENT**

5. This action is an intellectual property action subject to district-wide assignment.

**FACTUAL BACKGROUND**

6. On March 1, 2011, United States Patent No.RE42,196 (the '196 patent") entitled "System and method for blocking harmful information online, and computer readable medium therefor" was duly and legally issued. CAP Co. holds the title by assignment from the inventor, including the right to sue for past, present and future damages. A copy of the '196 patent is attached as Exhibit A.

7. On May 28, 2013, United States Patent No. RE44,249, ("the '249 patent") entitled "Methods for blocking harmful information online" was duly and legally issued. CAP Co. holds the title by assignment from the inventor, including the right to sue for past, present and future damages. A copy of the '249 patent is attached as Exhibit B.

8. On September 24, 2013, United States Patent No. 8,544,078 ("the '078 patent") entitled "Flexible network security system and method for permitting trusted process" was duly and legally issued. CAP Co. holds the title by assignment from the inventor, including the right to sue for past, present and future damages. A copy of the '078 patent is attached as Exhibit C.

9. The '196, and '249 patents are reissue patents derived from a patent issued on June 13, 2006, U.S. Pat. No. 7,062,552 (hereinafter the "anti-virus patents"). These patents are directed to methods for protection of computer systems by the blocking of harmful information such as viruses. The '078 patent is directed at systems and methods for controlling inbound traffic by using a firewall (hereinafter the "firewall patent").

10. Pursuant to 35 U.S.C. § 282, the Patents-in-Suit are presumed valid.

11. On information and belief, Defendant Microsoft develops markets and distributes infringing products including its Windows XP, Windows Vista, Windows 7, Windows 8, Windows Server 2003, Windows Server 2008, Windows Server 2012, Microsoft Security Essentials, Forefront products, Network Inspection System (NIS) products including Microsoft Security Essentials, Forefront Endpoint Protection, System Center 2012 Endpoint Protection, and Windows Defender. Microsoft contributed and continues to contribute to acts of infringement by causing and encouraging others to use the aforementioned products. These products are sold directly to customers and used by them pursuant to Microsoft's user manuals guides, and support articles. Microsoft continues to provide and sell goods and services including products designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit.

12. On information and belief, Microsoft has known of CAP Co.'s patents at least since the service of the Original Complaint in this matter on July 3, 2014.

**COUNT I**
**(Patent Infringement)**
**(RE42,196 and RE44,249)**

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 above.

14. CAP Co. is the owner of the Patents-in-Suit.

15. Defendant has infringed and is still infringing the Patents-in-Suit, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling the aforementioned products using the methods claimed in the patent in this country. This conduct constitutes infringement under 35 U.S.C. § 271(a).

16. In addition, Defendant has infringed since the service of the Original Complaint in this matter and is still infringing the Patents-in-Suit in this country, through, inter alia, its active inducement of others to make, use, and/or sell the products and methods claimed in one or more

claims of the patent. This conduct constitutes infringement under 35 U.S.C. § 271(b).

17. In addition, Defendant has infringed since the service of the Original Complaint in this matter and is still infringing the Patents-in-Suit in this country through, inter alia, providing and selling goods and services including the aforementioned products designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit. Defendant has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Patents-in-Suit. This conduct constitutes infringement under 35 U.S.C. § 271(c).

18. Defendant's infringing conduct is unlawful and since the service of the Original Complaint in this matter is willful. Defendant's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

19. As a result of Defendant's infringement, Plaintiff has been damaged, and will continue to be damaged, until Defendant discontinues from further acts of infringement.

## COUNT II
**(Patent Infringement)**
**(U.S. Patent No. 8,544,078)**

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 above.

21. CAP Co. is the owner of the Patents-in-Suit.

22. Defendant has infringed and is still infringing the Patents-in-Suit, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling products including its Windows XP, Windows Vista, Windows 7, Windows 8, Windows Server 2003, Windows Server 2008, Windows Server 2012, with included Windows Firewall software. These products use the systems and methods claimed in the patent in this country. This conduct constitutes infringement under 35 U.S.C. § 271(a).

23. In addition, Defendant has infringed since the service of the Original Complaint in

this matter and is still infringing the Patents-in-Suit in this country, through, inter alia, its active inducement of others to make, use, and/or sell the aforementioned products and methods claimed in one or more claims of the patent.  This conduct constitutes infringement under 35 U.S.C. § 271(b).

24.   In addition, Defendant has infringed since the service of the Original Complaint in this matter and is still infringing the Patents-in-Suit in this country through, inter alia, providing and selling goods and services including the aforementioned products designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit.  Defendant has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Patents-in-Suit.  This conduct constitutes infringement under 35 U.S.C. § 271(c).

25.   Defendant's infringing conduct is unlawful and for the period since the service of the Original Complaint in this matter is willful.  Defendant's willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

26.   As a result of Defendant's infringement, Plaintiff has been damaged, and will continue to be damaged, until Defendant discontinues from further acts of infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for entry of judgment:

A.   declaring that Defendant has infringed one or more claims, specifically including claim 1, of each of the Patents-in-Suit;

B.   that Defendant account for and pay to Plaintiff all damages caused by its infringement of the Patents-in-Suit, which by statute can be no less than a reasonable royalty;

C.   that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants infringement of the Patents-in-Suit;

D.   that Defendant's infringement of the Patents-in-Suit be adjudged willful for that period after the service of the Original Complaint in this matter and that the damages to Plaintiff

1  be increased by three times the amount found or assessed pursuant to 35 U.S.C. § 284;

2       E.     that this be adjudged an exceptional case and that Plaintiff be awarded its attorney's
3  fees in this action pursuant to 35 U.S.C. § 285;

4       F.     that costs be awarded to Plaintiff; and

5       G.     that Plaintiff be granted such other and further relief as the Court may deem just
6  and proper under the current circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated: November 17, 2014                    Respectfully submitted,


                                            By:   /s/ Bruce J. Wecker
                                                  BRUCE J. WECKER (SBN 78530)

                                            Bruce J. Wecker (SBN) 78530
                                            Christopher L. Lebsock (SBN 184546)
                                            **HAUSFELD LLP**
                                            44 Montgomery Street, Suite 3400
                                            San Francisco, CA 94104
                                            Tel: (415) 633-1908
                                            Fax: (415) 358-4980
                                            Email: bwecker@hausfeldllp.com
                                                   clebsock@hausfeldllp.com

                                            *Attorneys for Plaintiff CAP Co. Ltd.*