UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAP CO., LTD.,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | CASE NO. C14-1899 MJP<br><br>ORDER ON MOTION TO DISMISS |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion to Dismiss re: Amended Complaint (Dkt. No. 42),

2. Plaintiff CAP Co. Ltd.'s Opposition to Defendant Microsoft Corporation's Motion to Dismiss the Amended Complaint (Dkt. No. 63),

3. Microsoft's Reply Memorandum in Support of Motion to Dismiss Amended Complaint (Dkt. No. 64),

all attached declarations and exhibits and relevant portions of the court record, rules as follows:

IT IS ORDERED the motion to dismiss is GRANTED; finding that further amendment would be futile, the Court orders the claims DISMISSED with prejudice.

ORDER ON MOTION TO DISMISS- 1

**Background**

Plaintiff is the developer of patented anti-virus and firewall software. This case was originally filed in July 2014 in the Northern District of California, alleging both indirect (inducement to infringe and contributory infringement) and direct (willful) infringement. Defendant moved to dismiss in October 2014; in response, Plaintiff filed an amended complaint (Dkt. No. 33, First Amended Complaint ["FAC"]) and the motion to dismiss was denied as moot. The only revision Plaintiff made to its original complaint was to allege Defendant's knowledge of its patents as a result of filing the original complaint; Defendant now moves a second time to dismiss on 12(b)(6) grounds.

On Defendant's *forum non conveniens* motion, the matter was transferred to the Western District of Washington in December 2014. (Dkt. No. 45.)

**Discussion/Analysis**

I.   Indirect infringement

There are two kinds of indirect infringement: inducing infringement (35 U.S.C. § 271(b)) and contributory infringement (35 U.S.C. § 271(c)); both require actual knowledge of the patents' existence.

*Knowledge of patent*

The issue of when Defendant became aware of the existence of Plaintiff's patents applies equally to both kinds of indirect infringement, and boils down to whether Plaintiff is required to allege (and prove) that Defendant knew of its patents before or after it filed its lawsuit (i.e., "pre-filing" v. "post-filing" knowledge).

There is most definitely a split in authority on this requirement; it is a case of first impression in this district. Although the Court finds the rationale of the pre-filing knowledge cases more compelling (basically, that requiring pre-filing knowledge promotes settlements

before litigation and thus judicial economy), there is a Federal Circuit case which endorses the sufficiency of pleading post-filing knowledge only, with the caveat that damages are then limited to post-filing conduct only. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323 (Fed. Cir. 2012). In re Bill of Lading is a consolidation of a series of related patent infringement cases; in at least two of those underlying lawsuits, the Federal Circuit notes that the operative complaints alleged that the Defendants became aware of the patent at issue upon service of the complaint. Id. at 1345-46. The Federal Circuit court concluded that the complaints "contain sufficient factual allegations to enable this court to reasonably conclude that each of the Appellees is liable for inducing infringement…" Id. at 1346.

Because of the conclusion (see *infra*) that the indirect infringement claims should be dismissed for failure to state a claim under the elements unique to inducement and contributory infringement, this Court declines to apply a knowledge standard in this case, finding that determination is better left to a case where the outcome turns on that issue alone.

*Inducement (§ 271(b))*

The statute itself simply says "Whoever actively induces infringement of a patent shall be liable as an infringer." Plaintiff cites cases which articulate the elements of liability as simply (1) Defendant had knowledge that the patent exists and (2) Defendant induced acts which constitute infringement. But In re Bill of Lading articulates additional requirements for proof of liability:

> To survive Appellees' motion to dismiss, therefore, [Plaintiff's] amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the [] patent and knew that the customer's acts constituted infringement.

<mark>ORDER ON MOTION TO DISMISS- 3</mark>

1  Id. at 1339.  Plaintiff characterizes this as impermissibly expanding the law, but In re Bill of
2  Lading is still good case law and there is no question that the FAC alleges no facts from which
3  the Court can even reasonably infer that Plaintiff can establish those elements.
4     The amended complaint merely alleges conclusorily that "Defendant … is still infringing
5  the Patents-in-Suit in this country through, inter alia, its active inducement of others to make,
6  use, and/or sell the products and methods claimed in one or more claims of the patent." (FAC, ¶¶
7  16, 23.)  Plaintiff argues that they need only allege enough facts to infer that Defendant knew of
8  the patents and that their products induced infringement, but the Court finds that there are not
9  even sufficient allegations to satisfy that ultra-basic test, much less the more stringent In re Bill
10  of Lading standard for § 271(b).  Defendant is entitled to dismissal of these claims.
11  *Contributory infringement (§ 271(c))*
12     Liability under this statute requires proof that (1) Defendant knew "that the combination
13  for which [its] component was especially designed was both patented and infringing" (Global-
14  Tech Appliances, Inc. v. SEB S.A., 131 S.Ct 2060, 2067 (2011)) and (2) that the accused
15  products have "no substantial non-infringing uses."  (Bill of Lading, 681 F.3d at 1337.)
16     Defendant attacks the FAC for its failure to allege any facts that give rise to a reasonable
17  inference that the company knew that its accused products were both infringing and patented.
18  But the Court is unwilling (for the reason stated *supra*) to part company with the Federal Circuit
19  on the issue of pre-filing versus post-filing knowledge of the patent and the product's infringing
20  nature, and focuses instead on the second requirement of the statute.
21     Where Plaintiff's pleadings fail is on the second element of § 271(c), which requires that
22  the accused product must not be "a staple particle or commodity of commerce suitable for
23  substantial noninfringing use."  Plaintiff's FAC alleges conclusorily that the accused products
24

"have no use other than infringing one or more claims of the Patents-in-Suit." (FAC, ¶¶ 17, 24.) The Court recognizes that it is difficult to prove a negative. On the other hand, the language of the FAC (1) misreads the requirements of the statute (that the accused product "not [be] a staple particle or commodity of commerce suitable for substantial noninfringing use") and (2) violates common sense. The "accused products" are

> Windows XP, Windows Vista, Windows 7, Windows 8, Windows Server 2003, Windows Server 2008, Windows Server 2012, Microsoft Security Essentials, Forefront products, Network Inspection System (NIS) products including Microsoft Security Essentials, Forefront Endpoint Protection, System Center 2012 Endpoint Protection, and Windows Defender.

FAC, ¶ 11. The parties have provided no further explanation of what all these products are, but the Court hereby takes judicial notice of the fact that (a) Windows XP, Windows Vista, Windows 7, and Windows 8 are operating systems for computers and (b) Windows-run PCs perform a multitude of functions.

To allege that the operating systems for these multi-function devices have "no use other than infringing" on Plaintiff's patents borders on a frivolous allegation. Furthermore, the Court finds it would be futile to allow Plaintiffs to amend these allegations; i.e., it is not possible to allege that a Microsoft operating system has no substantial, noninfringing use.

II. Direct/willful infringement (§ 271(a))

There are two elements required to be alleged for violation of this statute. The Court finds that Plaintiff's pleadings fail to state a claim under either element.

*Knowledge of the patents*

Unlike the indirect infringement causes of action, the requirements for properly pleading this element of direct infringement are clear. As with the previous claims, Plaintiff has asserted that the filing of their complaint constitutes the requisite knowledge of the patent. But there is

Federal Circuit case law holding that "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct… willful infringement in the main must find its basis in prelitigation conduct." In re Seagate Tech., LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

Plaintiff attempts to counter this prejudicial precedent by parsing out the difference between pre-filing <u>conduct</u> and pre-filing <u>knowledge</u>, arguing that In re Seagate requires the former but says nothing about the latter. Plaintiff argues that it has alleged pre-filing conduct in its willful infringement claim. The Court disagrees. The FAC only alleges that "Defendant has infringed and is still infringing the Patents-in-Suit" – there is no allegation that the conduct occurred prior to filing the complaint.[1] Plaintiff argues that pre-filing conduct is alleged in ¶¶ 11 and 12 of the FAC, but neither section explicitly states that Defendant's development, marketing, and distribution of its allegedly infringing products took place prior to the filing of the complaint.

Even if the Court were to give Plaintiff the benefit of the doubt as regards the allegations of infringing conduct on Defendant's part, the pleading still falls short of establishing the requisite elements. While it is technically correct that In re Seagate does not come right out and articulate a pre-filing knowledge requirement, there is no logical, equitable way to read the In re Seagate requirement of pre-filing *conduct* without an associated requirement of pre-filing *knowledge*. In fact, the Seagate court itself all but articulates a pre-filing knowledge requirement when it says:

> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

---

[1] When Plaintiff does specifically allege a time period of infringement (in the indirect infringement claims), all the FAC says is that "Defendant has infringed since the service of the Original Complaint." FAC, ¶¶ 16, 17, 23, 24.

Id. at 1371.  If pre-filing conduct must be alleged and that conduct must have occurred "despite an objectively high likelihood that [the] actions constituted infringement of a valid patent," then a defendant must have pre-filing knowledge.[2]  Plaintiff has not alleged that, and (by filing a FAC whose only significant alteration is to allege *post*-filing knowledge) apparently cannot allege that.  On that basis, the Court finds that permitting further amendment to satisfy this requirement would be futile and will dismiss these claims with prejudice.

*Acting despite objectively-defined risk*

The second, "objective" prong of proving willful infringement requires proof that the defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and "that this objectively-defined risk was either known or so obvious that it should have been known to" the infringing party.  In re Seagate, 497 F.3d at 1371.  Plaintiff's FAC contains only boilerplate conclusory language that Defendant "has infringed and is still infringing… [by] making, using, offering for sale and/or selling" its products.  (FAC, ¶¶ 15, 22.)

There are no facts alleged from which the Court can reasonably infer that Defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," or "that this objectively-defined risk was either known or so obvious that it should have been known to" the infringing party.  Plaintiff does not even allege this in boilerplate fashion, much less articulate any specific factual allegations which would tend to establish this element.

---

[2] Other courts have arrived at a similar conclusion.  "California federal courts have taken the view that a plaintiff must plead presuit knowledge in order to adequately plead willful infringement. *E.g.,* Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l., 957 F. Supp. 2d 1189, 2013 U.S. Dist. LEXIS 99381 (S.D. Cal. July 16, 2013); Avocet Sports Tech., Inc. v. Garmin Int'l, Inc., C 11-04049 JW, 2012 U.S. Dist. LEXIS 51650, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012)."  MyMedicalRecords, Inc. v. Jardogs, LLC, 2014 U.S. Dist. LEXIS 1146, *9 (C.D. Cal. Jan. 6, 2014).

Again, given that this was the basis of Defendant's first motion to dismiss and Plaintiff has still done nothing to address these deficiencies in its pleading, the Court finds that further amendment would be futile and on that basis dismisses these claims with prejudice.

## Conclusion

As to the indirect infringement claims, the Court finds that Plaintiff's amended complaint fails to allege sufficient facts or elements to state a claim for either inducement or contributory infringement.  Regarding the direct infringement cause of action, the Court finds that Plaintiff's pleadings fail to satisfy either element of the claim.

Finding that further amendment of these claims would be futile, the Court orders this lawsuit DISMISSED with prejudice in its entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of April, 2015.

Marsha J. Pechman
United States District Judge