Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAP Co., Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION; <br><br> Defendant. | Case No.: 2:14-cv-01899-MJP <br><br> **PLAINTIFF CAP CO., LTD.'S MOTION TO RECONSIDER** |

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP

HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

Pursuant to FRCP Rules 60 and Local Rule 7(h)(2), CAP Co. hereby files this motion for reconsideration of the final judgment entered by the Court on April 6, 2015.

## I. THE COURT'S DISMISSAL OF CAP CO.'S DIRECT INFRINGEMENT CLAIMS IS ERRONEOUS

Microsoft's Motion to Dismiss CAP Co.'s Amended Complaint sought dismissal of CAP Co.'s indirect and willful infringement claims. Microsoft did not move to dismiss CAP Co.'s direct infringement claims. CAP Co.'s allegations for direct infringement easily pass the pleadings hurdle established by *Twombly* and *Iqbal*. Nevertheless, the Court sua sponte dismissed the Plaintiff's direct infringement claims with prejudice. CAP Co. submits that this decision constitute manifest error justifying reconsideration under Local Rule 7(h).

The Court's Opinion erroneously equates willful infringement with direct infringement which may explain why the Court only discusses the elements of willful infringement before dismissing both willful and direct infringement. Dkt. 70 at 5 ("…alleging both indirect (induced to infringe and contributory infringement) and direct (willful) infringement"); *id.* ("II. Direct/willful infringement (§ 271(a))"; *id.* at 8 ("Regarding the direct infringement cause of action, the Court finds that Plaintiff's pleadings fail to satisfy either elements of the [willful infringement] claim." As direct and willful infringement have entirely different pleading standards, CAP Co. requests the Court to withdraw its judgment dismissing CAP Co.'s direct infringement claims.

If it were the case that the Court intended to dismiss CAP Co.'s direct infringement claims without explanation, such would be contrary to controlling case law which first requires the trial court to take "proper procedural steps." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1341 (9th Cir. 1981). Such steps include "notify[ing] the plaintiff of the proposed action and afford[ing] him an opportunity to submit written argument in opposition." *Id.* "In addition, the court must give a statement of the reasons for dismissal, and an opportunity to amend unless the complaint is clearly deficient." *Id*.

Here, the Court only examined the elements of indirect and willful infringement before dismissing the entire lawsuit with prejudice. To put another way, the Court provided no explanation for dismissing Plaintiff's direct infringement claims, and Plaintiff was not given any opportunity to

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 1 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

1  amend granted the sua sponte dismissal was with prejudice. These procedural deficiencies alone are
2  enough to constitute an abuse of discretion. As there was no substantive, or in fact, any discussion
3  of CAP Co.'s direct infringement claims, the Court has failed to make the necessary finding that
4  "plaintiff[] cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir.
5  1988). The Court's dismissal was improper.

**A. CAP Co.'s Direct Infringement Claims Satisfy the Requisite Pleadings Standard**

The Court's examination of the two elements of willful infringement provides no basis to dismiss CAP Co.'s direct infringement claims. *See* Dkt. 70 at 5-8. Direct infringement requires neither knowledge of the Patents-in-Suit nor intent to infringe. In *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012), the Federal Circuit found that the "[f]orms control," and held that "…whether [plaintiff]'s amended complaints adequately plead direct infringement is to be measured by the specificity required by Form 18." *Id.*

Form 18 provides a sample complaint for direct patent infringement. *Id.* Form 18 requires (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *Id.*

CAP Co. has met each of the elements required under Form 18. *See* CAP Co.'s AC. Paragraph 3 of the AC meets the first element. *Id.* at ¶3 ("This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a)"). Paragraphs 6-8, 14, and 21 meet the second element. Paragraphs 15 and 22 meet the third element. Paragraph 12 satisfies the fourth element. *Id.* ("On information and belief, Microsoft has known of CAP Co.'s patents at least since the service of the Original Complaint in this matter on July 3, 2014"). The section titled "Prayer for Relief" satisfies the last element of Form 18. *Id.* As CAP Co.'s direct infringement claims fully comply with the requirements of Form 18, they necessarily survive any *Twombly* and *Iqbal* challenge. CAP Co. requests that the Court reinstate the direct infringement claims.

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 2 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

## II. CAP CO. SHOULD HAVE BEEN GIVEN LEAVE TO AMEND ITS INDIRECT INFRINGEMENT CLAIMS

The Order erroneously concludes that CAP Co. could not remedy any deficiencies in its complaint by amendment.  The Court concludes that CAP Co. previously amended its complaint after receiving Microsoft's initial Motion to Dismiss and thus had the opportunity to add to its indirect infringement allegations, but chose not to. The Court also took judicial notice that one of Microsoft's accused products, Windows, has substantial non-infringing uses that would defeat a claim of contributory infringement.  Finally, the Court concluded that the Amended Complaint provided no evidence that Microsoft specifically intended to have its customers infringe the patents.

CAP Co.'s Amended Complaint made only one relevant change – it made clear that plaintiff's complaint excluded claims for pre-filing indirect infringement and willful infringement. This change addressed the primary argument in Microsoft's motion which asserted that **pre-filing knowledge of the patents** was a necessary element for proof of such claims.  CAP Co. made no other changes to these claims, instead choosing to resist Microsoft's secondary argument regarding the additional detail necessary to support its indirect and willfulness claims for post-filing conduct – a period during which Microsoft obviously had notice of the patents and the claims of infringement. CAP Co. believed at the time of its amendment, and submits that the allegations of its complaints do provide sufficient support, when all inferences are drawn in its favor, for its claims for contributory and induced infringement. In any event, CAP Co. should be given an opportunity to address the deficiencies upon which the Court premises its dismissal.

CAP Co., of course, does not dispute that Windows has substantial non-infringing uses. That, however, is not the issue of contributory infringement presented in the case. Rather, the issue is whether any components of the accused products that Microsoft's customers use to directly and indirectly infringe the patents are "[a] material component for use in practicing the patented claim- or patented method that is not a staple article of commerce suitable for substantial non-infringing use … with knowledge that the component was especially made or adapted for use in an infringing manner." *i4i Ltd. P'ship v. Microsoft Corp.*, 589 F.3d 1246, 1264 (Fed. Cir. 2009), *modified on other grounds*, 598 F.3d 831 (Fed. Cir. 2010).

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 3 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

In that case, the Federal Circuit held that while the accused product was Microsoft Word, the component (or "material or apparatus" within the meaning of the statute) was the XML editor feature within some versions of the product:

> Microsoft also argues that the district court erred by instructing the jury to focus on the custom XML editor, rather than all of Word, when deciding whether any noninfringing uses were "substantial" …the district court did not abuse its discretion. As we explained in *Lucent [Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, (Fed.Cir.2009)]* a particular tool within a larger software package may be the relevant "material or apparatus" when that tool is a separate and distinct feature. 580 F.3d at 1320-21. In Lu*cent,* the infringement inquiry accordingly focused on the date-picker, even though that tool was included in Microsoft Outlook, a larger software package. *Id.* …[O]ur reasoning in *Lucent* applies equally here… Accordingly, the jury was properly instructed that it should focus on the editor, not all of Word.

*i4i Ltd. P'ship*, 589 F.3d at 1264-65; *see also Ricoh Co., Ltd.* v. *Quanta Computer Inc.,* 550 F.3d 1325, 1336-40 (Fed. Cir. 2008) (The sale of a component without a substantial non-infringing use, even when included in a product that, as a whole, does have a substantial non-infringing use, constitutes contributory infringement).

Here, CAP Co.'s Amended Complaint alleges that the Accused Products use "the methods claimed in the patent in this country," (AC at ¶15), are "designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit (AC at ¶11), and "has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Patents-in-Suit (AC at ¶17)." These allegations properly call out the infringing components of Windows, alleging that they have no substantially non-infringing uses, not that Windows as a whole has no such uses.

Moreover, substantial non-infringing uses are simply one part of the test for contributory infringement. In *Toshiba Corp. v. Imation Corp*., 681 F.3d 1358, 1364 (Fed. Cir. 2012), the Court explained, "[t]he existence of a substantial non-infringing use does not preclude a finding of

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 4 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

inducement." In such a case, a patentee may present evidence that "goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement." *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008). The Federal Circuit has found actions "directed to promoting infringement" where the defendant knew that the accused product's proposed label would cause at least some users to infringe the asserted method claims by following the label instructions. *AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1059 (Fed. Cir. 2010). Here, CAP Co. has alleged such promotion of infringement. Further, as demonstrated in CAP Co.'s opposition to the motion, its general allegations have been held to be sufficient to state a claim for the required intent to infringe.

In *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, the court was faced with a complicated series of claims. 681 F.3d 1323 (Fed. Cir. 2012). To more efficiently enable delivery in the less-than-a-load trucking industry, the ′078 patent claims a method that " 'automates the process of receiving transportation documentation and producing advance loading manifests therefrom to optimize load planning and dynamic product shipment and delivery control… The patented method enables shipping documents to be sent directly from the truck driver to a common point…so billing and load planning can occur while the driver is en route with the freight.' " *Id.* at 1329.

The claims required the use of scanning and wireless communication technology to transmit the documentation to the loading terminals while the trucker was en route. There was no dispute in the case that scanning and wireless communications technologies had many non-infringing uses. Plaintiff, instead claimed that "'…the process for scanning and wirelessly transmitting bills-of-lading from the truck cab to the back office for the preparation of loading manifests has no other substantial non-infringing use.'" *Id*. at 1337-38. The Court rejected this argument since it failed to focus on the accused products which were scanners and wireless communication devices. Here, in contrast to *Bill of Lading*, the accused instrumentalities are not just optionally used in infringement; they incorporate the patented method.

On a different note, the evidence that was sufficient to make out an inducement claim in *Bill of Lading* is similar to what Plaintiff has cited. There, the defendants had promoted the use of their

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 5 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

scanning and wireless communication equipment to trucking customers in a manner that arguably infringed the patented method. Here, CAP Co. has alleged the same type of promotional and support evidence that has induced Microsoft's customers, using the Microsoft anti-virus and firewall software, to infringe various claims of the Patents-in-Suit. Unlike the scanning and communications technologies in *Bill of Lading,* as alleged by CAP Co., there are no ways to use the accused anti-virus and firewall technologies in a non-infringing manner.

## III. FUTILITY

The Ninth Circuit has held that a district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In exercising its discretion "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Accordingly, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id*. (internal quotes omitted).

The district court must provide a written finding or a record which clearly indicates reasons for the court's denial of leave to amend to avoid a reversal of that judgment. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, CAP Co. clearly can add specific information regarding Microsoft's advertising, customer promotion and support that urge customers to use the anti-virus and firewall products in a manner that infringes the patents in suit, including promotion of the particular features which depend on the infringing components of those products.

## IV. CONCLUSION

For these reasons, CAP Co. respectfully requests the Court to reconsider its April 6, 2015 order and provide Plaintiff with leave to amend its complaint.

Dated:  April 17, 2015                                                    Respectfully submitted,

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP                                  - 6 -

HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

|   |   |
|---|---|
| 1 | By: /s/ *Bruce J. Wecker* |
|   | Bruce J. Wecker |

Bruce J. Wecker (*pro hac vice*)
Christopher L. Lebsock (*pro hac vice*)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel:  (415) 633-1908
Fax:  (415) 358-4980
Email: bwecker@hausfeldllp.com
          clebsock@hausfeldllp.com

Philip P. Mann (WSBA No. 28860)
Tim Billick (WSBA No. 46690)
**MANN LAW GROUP**
Seattle Tower
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Tel: (206) 436-0900
Fax: (866) 341-5140
Email: phil@mannlawgroup.com
          tim@mannlawgroup.com

***Attorneys for Plaintiff CAP Co. Ltd.***

PLAINTIFF'S MOTION TO RECONSIDER
Case No. 5:14-cv-01899-MJP
- 7 -
HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908

**CERTIFICATE OF SERVICE**

I, Bruce J. Wecker, hereby certify that on the date indicated below, I caused a true and correct copy of the foregoing **PLAINTIFF CAP CO., LTD.'S MOTION TO RECONSIDER** to be served on all parties who have appeared in this matter.

DATED: April 17, 2015          /s/ *Bruce J. Wecker*

CERTIFICATE OF SERVICE
Case No. 5:14-cv-01899-MJP

HAUSFELD LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Phone: (415) 433-1908