The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAP CO., LTD.,<br><br>                      Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                      Defendant. | No. 2:14-cv-01899-MJP<br><br>**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF CAP CO., LTD.'S MOTION TO RECONSIDER**<br><br>Noting date: May 1, 2015 |

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Pursuant to the Court's April 22, 2015 Minute Order (Dkt. 73), Defendant Microsoft respectfully submits this response to Plaintiff CAP Co.'s Motion to Reconsider. Dkt. 72.

## I. Introduction

CAP Co. offers no legitimate basis for this Court to reconsider its dismissal with prejudice of CAP Co.'s claims for indirect infringement (both induced and contributory) and willful infringement. CAP Co. points to no manifest error in the Court's ruling, nor does it cite any new facts or legal authority that it could not have brought to the Court's attention earlier when opposing Microsoft's motion to dismiss. Instead, CAP Co. rehashes its prior arguments, and cites legal authority that predates – by *years* – the parties' briefing on Microsoft's motion, and thus cannot serve as a basis for reconsideration. CAP Co.'s reconsideration motion does not address its claim for willful infringement, and does not appear to contest the propriety of the Court's dismissal of that claim with prejudice.

CAP Co.'s reconsideration motion also improperly requests relief that it did not previously seek—*i.e.,* a third try at plausibly pleading claims for indirect infringement. *See* Dkt. 63. Although Microsoft's motion sought dismissal of CAP Co.'s indirect infringement claims *with prejudice* (Dkt. 42 at 12), in its opposition CAP Co. ignored this entirely and did not request leave to amend its Complaint again. The Court should reject CAP Co.'s effort to obtain on a motion for reconsideration relief that it never previously sought.

In any event, CAP Co. has had two tries to plausibly plead induced and contributory infringement, and has twice failed to do so. It is therefore well within the Court's discretion to dismiss these claims with prejudice. *See Superior Indus., LLC v. Thor Global Enters. Ltd.,* 700 F.3d 1287, 1289, 1295-96 (Fed. Cir. 2012) (affirming district court's dismissal with prejudice of claims for indirect infringement set forth in Plaintiff's First Amended Complaint which fell "far short of pleading facts necessary to state a plausible claim for either induced or contributory infringement.").

CAP Co. is correct that the Court dismissed its claims for *direct* infringement *sua sponte*. Moreover, the Court's order can be read to apply the standard for pleading willful

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

infringement to CAP Co.'s claim for direct infringement. If in fact the Court did apply the standard for pleading willful infringement in deciding to dismiss CAP Co.'s direct infringement claim, Microsoft respectfully submits that it would have been error for the Court to do so.

Regardless of what the Court decides concerning CAP Co.'s claims for direct infringement, CAP Co. offers no justifiable basis for reconsideration of the Court's Order dismissing the claims for indirect infringement and willfulness. Accordingly, Microsoft respectfully requests that CAP Co.'s motion for reconsideration be denied as to the claims for induced, contributory and willful infringement.

## II. Microsoft Apprised CAP Co. Early On Of The Deficiencies In Its Pleadings But CAP Co. Did Not Correct Them

On July 3, 2014, CAP Co. filed its original Complaint in this action alleging that a host of Microsoft products infringe the patents-in-suit, and that Microsoft was liable for (1) direct infringement, (2) induced infringement, (3) contributory infringement and (4) willful infringement. Dkt. 1. CAP Co.'s claims for indirect infringement (both induced and contributory) and willful infringement fell far short of the pleading standards set forth in the U.S. Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) because CAP Co. failed to plead facts necessary to state a plausible claim for either indirect or willful infringement. Thus, on October 24, 2014, Microsoft moved to dismiss those claims. Dkt. 17.

In that initial motion, Microsoft pointed out, *inter alia*, that CAP Co.'s Complaint failed to allege facts plausibly showing that: (1) Microsoft specifically intended its customers to infringe and knew that its customers' acts constituted infringement as is required to state a claim for induced infringement; (2) the accused products have no substantial non-infringing uses as is required to state a claim for contributory infringement; and (3) Microsoft was objectively and subjectively reckless as is required to state a claim for willfulness. *Id.* at 6-11.

Rather than respond to Microsoft's motion, CAP Co. chose to file an Amended Complaint ("FAC"). Dkt. 33. CAP Co.'s FAC, however, suffered from the same deficiencies

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

as its original Complaint.  Accordingly, on December 2, 2014 Microsoft filed a second motion to dismiss CAP Co.'s claims for indirect infringement and willfulness, advancing the same arguments that it made in its first motion.  Dkt. 42.  Since CAP Co. had had multiple opportunities (and many months) to plausibly plead these claims, Microsoft asked that the Court dismiss them with prejudice.  *Id.* at 12.

On April 6, 2015, the Court issued an order holding, *inter alia*, that the FAC failed to state a claim for contributory infringement, induced infringement and willful infringement.  Dkt. 70.  The Court recognized that CAP Co. had already had two chances to plausibly plead these claims, but had failed to do so, and properly held that further amendment would be futile.  Thus, the Court dismissed these causes of action with prejudice.  Dkt. 70.  CAP Co. then filed its motion for reconsideration, and the Court called for Microsoft to respond.  Dkt. 72, 73.

**III.   There Is No Legitimate Basis For The Court To Reconsider Its Dismissal With Prejudice Of CAP Co.'s Claims For Indirect Infringement And Willfulness**

"Motions for reconsideration are disfavored."  L.R. 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*  CAP Co. makes no such showing here.  Nor does CAP Co. make any showing under Fed.R.Civ.P. 60 that warrants the Court's reconsideration of its prior order regarding indirect infringement and willfulness.[1]

Although unclear, with respect to its claims for indirect infringement, CAP Co. appears to seek only reconsideration of the Court's refusal to afford CAP Co. a third attempt to plausibly plead induced and contributory infringement.  Dkt. 72 at 3-6.  CAP Co. does not, however, cite a single new fact or legal authority that would warrant reconsideration of this Court's prior order, much less facts or legal authority that could not have been presented earlier in the exercise of reasonable diligence.  Instead, CAP Co. (1) alternates between rehashing its prior arguments regarding the sufficiency of the FAC and arguing that it could plead

---

[1] CAP Co. purports to bring this motion pursuant to Fed.R.Civ.P. 60 in addition to L.R.7(h) (Dkt. 72 at 1), but does not apply Rule 60 in its briefing or explain what section of the rule it is relying upon.

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

unspecified facts in support of its claims for indirect infringement if permitted to amend, and (2) cites cases that were in existence years prior to the parties' briefing on Microsoft's motion, and thus cannot constitute "new" law within the meaning of L.R. 7(h). Dkt. 72 at 3-6.

Although CAP Co. asserts that the Court erred by dismissing CAP Co.'s indirect infringement claims with prejudice, it provides no support for this assertion, and, in fact, the law is to the contrary. Indeed, in *Superior Indus.*, 700 F.3d at 1289, 1295-96, the Federal Circuit explicitly approved dismissal with prejudice claims for indirect infringement where, as here, a plaintiff failed to plausibly plead them in a FAC.

The propriety of the Court's action is further buttressed by the fact that, although Microsoft sought dismissal of CAP Co.'s claims *with prejudice*, in its opposition to Microsoft's motion, CAP Co. did not ask the Court for leave to amend its Complaint further. It was not error, much less manifest error, for the Court not to provide relief that CAP Co. did not ask for.

In any event, whether to permit amendment is within this Court's "sound discretion." *Terrell v. JPMorgan Chase Bank N.A.,* No. C14-930 MJP, 2014 U.S. Dist. LEXIS 151291, at *2 (W.D. Wash. Oct. 24, 2014). CAP Co. had two shots at plausibly pleading claims for indirect infringement. The Court rightly found that CAP Co. failed to do so, and that further amendment would be futile. Dkt. 70 at 4-5, 7-8. CAP Co.'s only response to the Court's "futility" finding is its unsupported argument that it could meet the pleading standard if given yet another opportunity to do so. Dkt. 72 at 6. CAP Co.'s unsupported contention that it could meet the pleading standard if afforded another attempt, however, is not grounds for reconsideration, either under L.R. 7(h) or Fed. R. Civ. P. 60.

**IV.    The Court's Dismissal Of CAP Co.'s Claims For Induced Infringement, Contributory Infringement, And Willful Infringement Was Proper**

In any event, the Court properly held that CAP Co. failed to plead causes of action for induced and contributory infringement and willfulness. *First*, with respect to induced infringement, the Court correctly recognized that to survive a motion to dismiss CAP Co.'s Complaint must "contain facts plausibly showing" that Microsoft specifically intended its

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 4

customers to infringe CAP Co.'s patents and knew that its customers' acts constituted infringement. Dkt. 70 at 3 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012)). The Court also correctly found that "there is no question that the FAC alleges no facts from which the Court can even reasonably infer that Plaintiff can establish those elements." *Id.* at 4.[2] In its reconsideration motion, CAP Co. points to no new facts or law or error in the Court's analysis that would justify reconsideration of the Court's prior ruling. Instead, CAP Co. devotes a few sentences to arguing – again – that its FAC meets the *In re Bill of Lading* standard and plausibly pleads a cause of action for induced infringement. Dkt. 72 at 5-6. That is an insufficient basis, under any standard, for the Court to reconsider its prior order.

*Second,* with respect to contributory infringement, the Court properly held that CAP Co. did not plead facts from which the Court could reasonably infer that the accused products have "no substantial non-infringing uses," as required to state a claim for contributory infringement. Dkt. 70 at 4 (quoting *Bill of Lading*, 681 F.3d at 1337). The Court correctly observed that CAP Co. accused nearly fifteen different Microsoft products, including several complex Microsoft Windows operating systems, yet offered nothing more than the "conclusor[y]" allegation that these complex products "have no use other than infringing one or more claims of the Patents-in-Suit." *Id.* at 4-5. The Court properly took judicial notice that the accused Windows operating systems and Windows-based PCs "perform a multitude of functions," and correctly concluded that CAP Co.'s allegation that the accused products lack substantial non-infringing uses "borders on a frivolous allegation." *Id.* at 5.

In its motion for reconsideration, CAP Co. now admits, as it must, that the accused Windows products *do* have "substantial non-infringing uses." Dkt. 72 at 3. CAP Co. asserts, however, that in determining whether it sufficiently pled a cause of action for contributory infringement the Court should have focused on whether CAP Co. plausibly pled that a specific

---

[2] In fact, the Court correctly found that CAP Co.'s pleading did even not meet the "ultra-basic" (albeit erroneous) standard for pleading induced infringement advanced by CAP Co. *Id.*

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*component* of the accused products has no substantial non infringing uses. *Id.* at 3-4. CAP Co., however, does not specify what components it is referring to, and the FAC does not set forth any facts plausibly showing that any "component" of any of the accused devices lacks substantial non-infringing uses.

CAP Co. points to paragraphs of the FAC that it contends satisfy the pleading requirement for contributory infringement. Dkt. 72 at 4 (quoting FAC ¶¶ 11, 15, 17). These paragraphs, however, contain nothing more than a laundry list of accused products and a formulaic recitation of the elements of a cause of action for direct and contributory infringement. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Moreover, the Court explicitly considered these paragraphs of the FAC in its order dismissing CAP Co.'s claims for contributory infringement with prejudice, and found that they contained only conclusory allegations that do not meet the standard for pleading contributory infringement. Dkt. 70 at 4-5. And, as elsewhere in its motion, CAP Co. cites no new law that would warrant the Court's reconsideration of its prior ruling. Rather, CAP Co. cites law that predates the parties' briefing on Microsoft's motion to dismiss, and that does not address the pleading standard for contributory infringement.

*Third*, with respect to willful infringement, the Court properly grounded its dismissal of CAP Co.'s cause of action in CAP Co.'s total failure to plead any facts from which the Court could reasonably infer that Microsoft was objectively or subjectively reckless. Dkt. 70 at 7. In any event, CAP Co. does not seek reconsideration of the Court's dismissal with prejudice of its cause of action for willful infringement.

**V.     Conclusion**

For the foregoing reasons, CAP Co.'s motion for reconsideration should be denied with respect to CAP Co.'s claims for induced infringement, contributory infringement and willful infringement.

Microsoft's Response to Plaintiff's Motion to Reconsider
Case No. 2:14-cv-01899-MJP - 6

Davis Wright Tremaine LLP
Law Offices
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| 1 | DATED: May 1, 2015 | Respectfully submitted, |
| 2 | | Davis Wright Tremaine LLP |
| 3 | | Attorneys for Microsoft Corporation |

By: s/ Stuart R. Dunwoody
    Stuart R. Dunwoody, WSBA #13948
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Tel: 206-757-8034
    Fax: 206-757-7034
    Email: stuartdunwoody@dwt.com

    Erica D. Wilson (*Pro Hac Vice*)
    Eric S. Walters (*Pro Hac Vice*)
    John Freed (*Pro Hac Vice*)
    505 Montgomery Street, Suite 800
    San Francisco, CA 94111
    Tel: (415) 276-6500
    Fax: (415) 276-6599
    Email: ericwalters@dwt.com
           ericawilson@dwt.com
           jakefreed@dwt.com

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
Case No. 2:14-cv-01899-MJP - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

1  
2     I hereby certify that on the 1st day of May, 2015, I electronically filed the foregoing

3 with the Clerk of the Court using the CM/ECF which will send notification of such filing to the

4 following:

5

| | |
|---|---|
| Philip P. Mann | _____ U.S. Mail |
| Timothy J. Billick | _____ Hand Delivery |
| Mann Law Group | _____ Overnight Mail |
| 1218 Third Avenue, Suite 1809 | _____ Facsimile |
| Seattle, WA  98101 | __X___ CM/ECF Notification |
| Tel: 206-436-0900 | _____ Email |
| Fax: 866-341-5140 | |
| Email: phil@mannlawgroup.com | |
| Email: tim@mannlawgroup.com | |

| | |
|---|---|
| Bruce J. Wecker (Admitted *Pro Hac Vice*) | _____ U.S. Mail |
| Christopher L. Lebsock (Admitted *Pro Hac Vice*) | _____ Hand Delivery |
| Hausfeld LLP | _____ Overnight Mail |
| 44 Montgomery Street, Ste. 3400 | _____ Facsimile |
| San Francisco, CA  94104 | __X___ CM/ECF Notification |
| Tel: 415-633-1949 | _____ Email |
| Fax: 415-358-4980 | |
| Email: bwecker@hausfeldllp.com | |
| Email: clebsock@hausfeldllp.com | |

*Attorneys for Plaintiff CAP Co., Ltd.*

    DATED this 1st day of May, 2015.

                                                  s/ Stuart R. Dunwoody_____  
                                                  Stuart R. Dunwoody

MICROSOFT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER  
Case No. 2:14-cv-01899-MJP - 8

Davis Wright Tremaine LLP  
LAW OFFICES  
1201 Third Avenue, Suite 2200  
Seattle, WA  98101-3045  
206.622.3150 main · 206.757.7700 fax