UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAP CO., LTD., | CASE NO. C14-1899 MJP |
| Plaintiff, | ORDER ON MOTION FOR RECONSIDERATION |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

The above-entitled Court, having received and reviewed:

    1.  Plaintiff CAP Co., Ltd.'s Motion to Reconsider (Dkt. No. 72)

    2.  Defendant Microsoft Corporation's Response to Plaintiff CAP Co., Ltd.'s Motion
       to Reconsider (Dkt. No. 74)

and all relevant portions of the court record, rules as follows:

    IT IS ORDERED that Plaintiff's motion to reconsider is PARTIALLY GRANTED: the

Court's previous order (Dkt. No. 70) is WITHDRAWN, and an amended order will issue

reinstating Plaintiff's lawsuit solely on the basis of its claims for direct infringement.

1    IT IS FURTHER ORDERED that the remainder of Plaintiff's motion to reconsider,

2  respecting its claims for contributory and indirect infringement, is DENIED.

3  **Background**

4    Before this case was transferred to the Western District of Washington (it originated in

5  the Northern District of California), Defendant filed its original motion to dismiss.  Plaintiff

6  responded by filing an amended complaint whose only revision was that it alleged post-filing

7  knowledge of the patent as the basis for its infringement claims; in every other regard, the

8  amended complaint failed to address Defendant's other grounds for dismissal.

9    In response, Defendant re-filed the motion to dismiss (after the matter had been

10  transferred to the Western District of Washington), making the same arguments for dismissal as

11  before and additionally attacking the adequacy of the post-filing knowledge allegations.  This

12  Court granted the motion to dismiss as to all of Plaintiff's claims.  (Dkt. No. 70.) In its response

13  to the second motion to dismiss, Plaintiff had not requested leave to further amend, and this

14  Court found that (Plaintiff having previously had two opportunities to amend its claims) further

15  amendment would be futile; thus the dismissal was granted with prejudice.

16  **Discussion/Analysis**

17    Plaintiff cites three grounds for reconsideration:

18  1.  Error to dismiss Plaintiff's direct infringement claims

19
20    Plaintiff correctly points out that the Court mistakenly conflated their "willful

21  infringement" claim (which goes to a finding under 35 USC § 285 that permits an award of

22  attorney's fees) with their "direct infringement" claims under 35 USC § 271(a).  Defendant's

23  motion to dismiss did not attack the sufficiency of the direct infringement claims and they should

24  have been left intact by the Court's previous ruling.

1    The Court will withdraw the previous order (as well as the judgment dismissing the entire

2  complaint), and issue an amended order consistent with the findings herein.

3    2. Error to dismiss their contributory infringement claims

4

5    Plaintiff's contributory infringement claims read as follows:

6    In addition, Defendant has infringed since the service of the Original Complaint in this
     matter and is still infringing the Patents-in-Suit in this country though, inter alia,
     providing and selling goods and services including the aforementioned products designed
7    for use in practicing one or claims of the Patents-in-Suit, where the goods and services
     constitute a material part of the invention and are not staple articles of commerce, and
8    which have no use other than infringing one or more claims of the Patents-in-Suit.
     Defendant has committed these acts with knowledge that the goods and services it
9    provides are specially made for use in a manner that directly infringes the Patents-in-Suit.

10 Dkt. No. 33, Amended Complaint for Patent Infringement (FAC,) ¶¶ 17, 24.

11    The Court's original dismissal of the contributory infringement claims was based on a

12 finding that "the aforementioned products" referenced above (which included Windows

13 operating systems) could not reasonably be described as "hav[ing] no use other than infringing"

14 Plaintiff's patents, which is a required element of the violation.

15    Plaintiff cites, for the first time, case law in support of its argument that

16    … the issue is whether any *components* of the accused products that Microsoft's
     customers use to directly infringe the patents are "[a] material component for use in
17    practicing the patented claim or patented method that is not a staple article of commerce
     suitable for substantial non-infringing use… with knowledge that the component was
18    especially made or adapted for use in an infringing manner."

19 Mtn to Reconsider, p. 3 (*citing* i4i Ltd. P'ship v. Microsoft Corp., 589 F.3d 1246, 1264 (Fed.Cir.

20 2009)(emphasis supplied).

21    Plaintiff seeks reconsideration of the dismissal in light of the case law which holds that

22 the sale of a component without a substantial non-infringing use, even when included in a

23 product which, taken as a whole, does have a substantial, non-infringing use, still constitutes

24

ORDER ON MOTION FOR RECONSIDERATION-
3

1  contributory infringement.  Although Plaintiff argues that this is what they have alleged, even a

2  cursory reading of their complaint reveals that what they are now arguing is <u>not</u> what their cause

3  of action actually states.  Plaintiff's FAC does not allege that *components* of Defendant's non-

4  infringing products had only infringing uses, and -- Plaintiff twice having had an opportunity to

5  amend in the face of Defendant's dismissal motions – this Court finds no error in the finding that

6  further amendment would be futile.

7        The following factors lead the Court to decide against the granting of Plaintiff's motion

8  to reconsider as regards its contributory infringement claims.  In addition to the fact that Plaintiff

9  has had two opportunities to amend in the face of motions to dismiss and failed to do so

10  satisfactorily, when faced with Defendant's second motion (which pointedly requested dismissal

11  with prejudice), Plaintiff did not even request leave to amend.  Plaintiff chose instead to retain

12  the vague and conclusory language of its contributory infringement claim which (as discussed

13  *supra*) is insufficient to state a cause of action.

14        Finally, as regards the motion for reconsideration itself, Plaintiff failed to meet the

15  minimum standards of that form of pleading by citing "new... legal authority which could not

16  have been brought to [the Court's] attention earlier with reasonable diligence." (Local Rule

17  7(h)(2).)  Instead it cited six year-old case law which it clearly could have included in its original

18  response.

19        For all these reasons, Plaintiff's  motion to reconsider the dismissal of the contributory

20  infringement claims will be DENIED.

21    3.  <u>Error to dismiss Plaintiff's indirect infringement claim</u>

22

23        Plaintiff devotes only a paragraph to this argument in the motion to reconsider.  That

24  paragraph is nothing more than a reiteration of its previous argument and previously-cited case

ORDER ON MOTION FOR RECONSIDERATION-
4

1   law.  Finding that there is no "manifest error" and no new facts or case law requiring

2   reconsideration of this portion of the Court's decision, Plaintiff's motion in this regard is

3   DENIED.

4          Plaintiff does not contend that the dismissal of its willful infringement claim was error, so

5   that portion of the Court's original decision will likewise stand.

6

7   **Conclusion**

8          The Court withdraws its previous order on Defendant's motion to dismiss and will issue

9   an amended order reinstating Plaintiff's claims for direct infringement.  The remainder of

10   Plaintiff's motion to reconsider is denied and its claims for contributory, indirect and willful

11   infringement will be dismissed with prejudice.

12

13          The clerk is ordered to provide copies of this order to all counsel.

14          Dated this 8th day of May, 2015.

15

16

17                                            Marsha J. Pechman
18                                            United States District Judge

19

20

21

22

23

24

ORDER ON MOTION FOR RECONSIDERATION-
5